UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE O. ALMADA NAGY; WOODEX,<br><br>Plaintiffs,<br><br>v.<br><br>RETAIL CAPITAL LLC dba Credibly; CREDIBLY OF ARIZONA LLC,<br><br>Defendants. | Case No.: 23cv537-LL-BLM<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>[ECF No. 48] |

Before the Court is a Motion from Erwin J. Shustak, Joseph M. Mellano, and the law firm Shustak Reynolds & Partners P.C. (collectively "Counsel") to withdraw as counsel of record for Plaintiffs Jorge O. Almada Nagy and Woodex (together "Plaintiffs"). ECF No. 48. Defendants Retail Capital LLC and Credibly of Arizona LLC did not file an opposition. *See* Docket. The Court finds this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1(d)(1). Upon review of the Motion and the applicable law, the Court **GRANTS** the Motion for the reasons set forth below.

## I. PROCEDURAL HISTORY

On March 24, 2023, Plaintiffs filed a Complaint against Defendants alleging that Defendants "tricked Plaintiffs into handing over personal and financial information by pretending to enter into a loan agreement with them, then, posing as Plaintiffs, fraudulently obtained a loan from Defendants for the same amount, but with far less favorable terms than those to which Plaintiffs agreed." ECF No. 1 ¶ 1. Plaintiffs sought judgment "confirming they owe Defendants no contractual obligations under that forged agreement and prohibiting Defendants from taking any measures to collect from thereon." *Id.* ¶ 2.

On May 15, 2023, Defendants filed a Motion to Dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. On June 5, 2023, Plaintiffs filed an Amended Complaint, and on June 26, 2023, Plaintiffs were given leave to file a Second Amended Complaint. ECF Nos. 9, 15. The operative Complaint in this action is Plaintiffs' Second Amended Complaint ("SAC"), filed on July 3, 2023 which alleges the following causes of action: (1) violation of California Unfair Competition Law against all Defendants; (2) violation of California Commercial Code Filing of Unauthorized Financing Statement by Woodex against Retail Capital; (3) defamation by Woodex against Retail Capital; (4) conspiracy against all Defendants; (5) aiding and abetting tortious conduct against all Defendants. ECF No. 16. Defendants initially filed a Motion to Dismiss Plaintiffs' SAC, but eventually the parties jointly moved to withdraw it, which the Court granted. ECF Nos. 21, 26, 27. On October 10, 2023, Defendants filed an Answer to the SAC, and also asserted Counterclaims for the following: (1) breach of express contract, (2) breach of implied contract, (3) common count for money had and received; (4) conversion; (5) unjust enrichment. ECF No. 33.

On September 13, 2024, Plaintiffs filed a Motion for Summary Judgment. ECF No. 42. On October 4, 2024, Defendants filed a Response in Opposition to the Motion for Summary Judgment. ECF No. 45. On October 11, 2024, Plaintiffs filed a Reply to the Motion for Summary Judgment. ECF No. 46. On April 8, 2025, this Court denied Plaintiffs' Motion for Summary Judgment and ordered the parties to file a Joint Status

Report within 90 days of its Order "updating the Court on the status of their settlement negotiations, whether they need more time to explore settlement, and proposed deadlines for the remainder of the case, as needed." ECF No. 47 at 9.

On May 1, 2025, Plaintiffs' counsel filed a motion to withdraw as counsel of record, supported by a declaration of Erwin J. Shustak. ECF No. 48.

## II. LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." *P.I.C. Int'l, Inc. v. Gooper Hermetic, Ltd.*, No. 3:19-CV-00734-BEN-LL, 2020 WL 2992194, at *1 (S.D. Cal. June 4, 2020) (citation omitted). "The trial court has discretion whether to grant or deny an attorney's motion to withdraw in a civil case." *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *1 (S.D. Cal. Mar. 27, 2017). Under this district's Civil Local Rules, "corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." S.D. Cal. CivLR 83.3(j); *see also Laskowitz v. Shellenberger*, 107 F. Supp. 397, 398 (S.D. Cal. 1952) ("Since a corporation cannot practice law, and can only act through the agency of natural persons, it follows that it can appear in court on its own behalf only through a licensed attorney.").

"In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, No. 09-CV-1301-IEG POR, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010). For example, courts have previously held that "[f]ailure to pay attorney's fees can be a valid ground for withdrawal." *Id.* at *2. A motion to withdraw must (1) be served on the adverse party and moving attorney's client and (2) include a declaration regarding service of the motion on those parties. S.D. Cal. CivLR 83.3(f)(3). "Failure to make [service] as required . . . or to file the required declaration of service will result in a denial of the motion." S.D. Cal. CivLR 83.3(f)(3)(b).

### III. DISCUSSION

As a preliminary matter, the Court notes that Counsel has met the requirements of Civil Local Rule 83.3(f) by providing proof of its service of the Motion. ECF No. 48-3. The Court turns next to the merits of the Motion. The reasons Plaintiffs' counsel seeks to withdraw are as follows:

> [1] Plaintiffs have breached a material term of their retainer agreement with Moving Counsel, and Moving Counsel have given Plaintiffs reasonable and sufficient advance notice they will seek an Order permitting their withdrawal unless Plaintiffs can cure their default under the retainer agreement. Plaintiffs, however, have informed Moving Counsel they are unable to cure that default.
> [2] The uncured default under the retainer agreement has created an irreconcilable conflict between Moving Counsel and Plaintiffs such that Moving Counsel no longer can adequately represent Plaintiffs to the best of their ability.
> [3] Moving Counsel further have taken all reasonable steps to ensure their withdrawal will not prejudice Plaintiffs, and notified Plaintiffs of their withdrawal a reasonable amount of time in advance of filing this motion to allow Plaintiffs to seek and retain new counsel.

*Id*. at 2-3; *see also* Shustak Decl. ¶¶ 3-6.

The Court finds Counsel's claims are valid reasons for withdrawal. Plaintiff's breach of a material term in the retainer agreement and Plaintiff's acknowledgement they are unable to cure that default have made it unreasonably difficult for Counsel to carry out representation effectively. Plaintiffs have had sufficient notice of the intent to withdraw and Defendants do not oppose this withdrawal. Although this case has been pending for over two years, the Court is hopeful that the parties can continue to take reasonable steps to try to settle the case amicably. In sum, the Court finds it is appropriate for Counsel Erwin J. Shustak, Joseph M. Mellano, and the law firm Shustak Reynolds & Partners P.C. to withdraw as counsel for Plaintiffs because the relevant considerations weigh in their favor.

/ / /
/ / /
/ / /
/ / /

## IV. CONCLUSION

For the above reasons, the Court **GRANTS** Counsel's Motion to Withdraw as Counsel of Record for Plaintiffs as follows:

1. On or before **July 18, 2025**, Counsel shall (1) serve a copy of this Order on Plaintiffs Almada and Woodex and file proof of service with the Court and (2) email a copy of this order to Plaintiffs Almada and Woodex and submit a declaration of having done so.

2. Plaintiff Nagy may obtain other counsel or proceed pro se (without counsel). On or before **September 12, 2025**, Plaintiff Nagy shall do one of the following: (1) Plaintiff Nagy's new counsel shall file a notice of appearance, or (2) Plaintiff Nagy shall file a notice of his intent to proceed pro se and inform the Court and opposing parties of his current address pursuant to Civil Local Rule 83.11(b). The Court cautions Plaintiff Nagy that failure to comply with this Order may result in dismissal of this action for failure to follow a court order or failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. Plaintiff Woodex, however, cannot proceed without counsel. The Civil Local Rules provide that "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney…. All other parties, including corporations, partnerships, and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." CivLR 83.3.j. Consequently, the Court **DIRECTS** Plaintiff Woodex to obtain new counsel, who must file a notice of appearance in this action as soon as practicable and in no event later than **September 12, 2025**. The Court cautions Plaintiff Woodex that failure to comply with this Order may result in dismissal of this action and/or default judgment.

4. Furthermore, if the parties believe that having another settlement conference with the Magistrate Judge assigned to this case or another Magistrate Judge would be helpful, the parties shall contact the Chambers of Judge Lopez.

**IT IS SO ORDERED.**

Dated: July 15, 2025

Honorable Linda Lopez
United States District Judge